UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-20228-CR-GRAHAM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LUIS CARLOS CONDE FALON,

    Defendant.
_____/  **CRIMINAL TRIAL SCHEDULING ORDER**

    PLEASE TAKE NOTICE that the above entitled cause is hereby set for **Criminal Jury Trial** before the Honorable Donald L. Graham, Judge for the United States District Court, Southern District of Florida in the Wilkie D. Ferguson, Jr., U.S. Courthouse, 13th Floor, Courtroom 13-4, 400 North Miami Avenue, Miami, Florida, during the two week period commencing **Monday, April 13, 2009**, **at** **9:00 a.m.**, or as soon thereafter as the case may be called.

    PLEASE TAKE FURTHER NOTICE that a **Calendar Call** will be held on **Wednesday, April 8, 2009 at 3:00 p.m.**, before Judge Graham, at the aforementioned address.  **ALL COUNSEL MUST BE PRESENT.**

    1. All requests for Writs Ad Testificandum must be filed not later than 14 business days prior to the first day of the scheduled trial period to insure adequate time for processing.

    2. If the case is a Jury Trial, counsel shall prepare and submit to the Court, at the **Calendar Call**, any proposed Voir Dire questions necessary to elicit information concerning prospective jurors other than identity and general background information.

In addition, counsel shall submit to the Court, at the **Calendar Call**, proposed jury instructions, in typed form, including substantive charges and defenses.  Eleventh Circuit Pattern Jury Instructions, 2003 Edition, may be referred to by listing only the instruction number and page number.

3. All responses to the Discovery Order and/or Local Rule 88.10 <u>shall</u> be provided timely.  Noncompliance may result in sanctions.  Fed. R. Evid. 404(b) notices <u>shall</u> include in writing a specific factual basis for the evidence sought to be introduced. The rule requires "the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal."  Fed.R.Evid. 404(b) Advisory Committee's note to 1991 amendments.

4. The Government and the defense shall strictly comply with Local Rule 88.10(P), which requires the preparation of a written statement signed by all parties describing discovery material exchanged and agreed upon trial stipulations. The parties will also acknowledge in the written statement that they have read the Courts Criminal Trial Scheduling Order.

5. Initial and supplemental discovery responses provided "out-of-time" shall include a statement in the first paragraph of the response explaining why  Criminal Discovery  was not complied with in a timely fashion.

6. All counsel shall submit to the Court, at the **Calendar Call**, a typed list of proposed witnesses and/or exhibits to be presented at trial.  All exhibits which will be offered into evidence must be pre-labeled in accordance with the proposed exhibit list.  Exhibit labels shall include the case number.

2

Labels may be obtained from the Clerk of Court. Counsel shall also submit to the Court in writing any Motions in Limine regarding trial issues at the **Calendar Call**.

7. Counsel are instructed that arrangements for appropriate clothing for Defendants in custody must be made with the Bureau of Prisons at least **seven (7) days** prior to the scheduled trial date.

8. Counsel are instructed to notify the Court if an interpreter is required at least 24 hours prior to any hearing or trial.

9. Any attorney seeking exoneration of a cash bond shall obtain a copy of this Court's form Motion for Disbursement of Bond from the Courtroom Deputy.

10. If either party seeks to introduce transcript(s) at trial, the moving party shall present a copy to all counsel not less than ten (10) days prior to the scheduled trial date. If a transcript cannot be agreed upon, each party shall produce their own version of the transcript for presentation to the trier of fact. Government counsel shall notify the case agent/client agency of this requirement.

11. Prior to trial, counsel shall reduce all stipulations to writing.

12. **All motions shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion as required by Local Rule 88.9.**

13. All motions for continuance **must** be in writing and filed with the Clerk of the Court at least 48 hours prior to the **Calendar Call**.

   Motions for continuance will not be favorably considered unless the parties have complied with Local Rule 88.10 (P) which requires the filing of a written statement describing all discovery material exchanged.

   14. If defense counsel foresees that a sentencing hearing will take more than thirty (30) minutes, the Courtroom Deputy shall be advised not later than five (5) days prior to the hearing.

   15. Defense counsel who have or will represent witnesses, co-defendants, targets, or subjects in this or any other related criminal case shall notify the Court immediately so that a Garcia Hearing can be scheduled to resolve any potential or actual conflicts of interest. It is the desire of the court that all Garcia hearings be conducted as close to the time of arraignment as possible.

   16. Discovery responses to the Standing Discovery Order which generally allege the government "will" disclose or provide discovery information is not in compliance. The Order is clear. Discovery "shall" be provided on or before fourteen (14) days from the date of the Standing Discovery Order. Untimely produced discovery by any party is subject to exclusion.

   DONE AND ORDERED at Miami, Florida this 20th day of March, 2009.

                                   _____
                                   DONALD L. GRAHAM
                                   UNITED STATES DISTRICT JUDGE

Copied: Michael Sofia, AUSA
        Eric Cohen, Esq.